UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 23-cr-237 (CJN) |
| | : | |
| **NATHAN EARL HUGHES,** | : | |
| | : | |
| **Defendant.** | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Nathan Earl Hughes' Motion to Continue All Matters in this Case. ECF 197. On August 6, 2024, the defendant pled guilty to Counts One, Two, and Five of the Third Superseding Indictment, respectively charging violations of 18 U.S.C. § 231(a)(3), 18 U.S.C. § 111(a)(1), and 40 U.S.C. § 5104(e)(2)(E). That same day, the Court, with the consent of all the parties, set a sentencing hearing for November 15, 2024. Notably, when the Court made inquiries of all the parties about their availability for a November 15 sentencing hearing, the defendant failed to mention that his girlfriend, who was present in the courtroom during the plea hearing, was due to give birth around that date. On October 30, 2024, the defendant moved with consent of the government to continue his sentencing hearing on the basis that his girlfriend's due date was, in fact, November 15, 2024. *See* ECF 194. Sentencing is now set for December 16, 2024. *See* Minute Order, October 31, 2024. On November 11, 2024, the defendant filed the instant motion requesting that the court vacate all dates and hearings in this case until the week of February 2, 2025. ECF 197. No material change to the facts or law at issue in this case has occurred since the defendant's plea or his first motion to continue his sentencing. The Court

should therefore deny the defendant's motion to continue and proceed with the sentencing hearing in this case as scheduled.

There is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest.[1] The government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution. *See, e.g.*, *United States v. Stephen Baker*, 24-cr-121 (CRC), Minute Order, November 11, 2024 (denying a nearly identical motion to continue all proceedings based on potential clemency); *United States v. Jaimee Avery*, 24-cr-79 (CRC), Minute Order, November 6, 2024 (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Nicholas Fuller*, 23-cr-209 (CKK), Minute Order, November 6, 2024 (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, 23-cr-139 (BAH), Minute Order, November 6, 2024 (denying motion to continue status conference based on claim of potential clemency); *United States v. Bosch*, 24-cr-210 (DLF), Minute Order November 7, 2024 (denying motion to continue trial based on claim of potential clemency); *United States v. Lichnowski*, 23-cr-341 (RBW), Minute Order, November 7, 2024 (denying motion to continue sentencing hearing based on claim of potential clemency). The defendant's citation to Special Counsel Jack Smith's motion to vacate a briefing schedule in the matter of *United States v. Trump*, 23-cr-257 (TSC), is inapposite. That motion refers to the "unprecedented circumstance" of a criminal defendant being "expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025." *See id.*, ECF 278. The need to

---

[1] The defendant, for his part, has now filed four motions to continue proceedings in this case since June 2024, each of them relying on different grounds for delay. *See* ECF 153 (filed under seal), ECF 165, ECF 194, and ECF 196.

2

"determine the appropriate course going forward consistent with Department of Justice policy," *id.*, is not similarly implicated in this case, where the defendant is a private citizen.

For the foregoing reasons, the Court should deny the defendant's motion to continue and proceed with the December 16, 2024, sentencing in this case.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:   *s/ Sean P. McCauley*
       SEAN P. McCAULEY
       Assistant United States Attorney
       New York Bar No. 5600523
       United States Attorney's Office
       For the District of Columbia
       601 D Street, NW
       Washington, DC 20530
       Sean.McCauley@usdoj.gov

       KAITLIN KLAMANN
       Assistant United States Attorney
       Illinois Bar No. 6316768
       601 D Street NW
       Washington, D.C. 20530
       Kaitlin.klamann@usdoj.gov